OPINION
{¶ 1} Defendant-appellant, Elise Terzo, appeals her convictions in the Fairfield Municipal Court for carrying a firearm while intoxicated and aggravated menacing. We affirm.
 {¶ 2} In the early morning hours of November 10, 2001, Fairfield Police Officer Craig Singleton responded to 5266 Sherry Lane upon a report that a female was brandishing a firearm and trying to set fire to clothing she had thrown into the street. Upon arriving at the scene, Officer Singleton observed appellant sitting on the front porch of the residence, holding a shotgun. Officer Singleton stopped his vehicle, exited, and when he saw appellant point the gun at him, drew his service revolver. Appellant went inside the residence, and was contacted by police dispatch via telephone. The dispatcher advised appellant to exit the home. She did, and was arrested.
 {¶ 3} Officer Singleton observed that appellant was highly intoxicated. He noted a strong odor of an alcoholic beverage about her, that her speech was slurred and that her eyes were bloodshot. At first appellant maintained that she had only been carrying a stick, but later admitted that she had indeed been brandishing a shotgun. She told police that she intended to shoot her boyfriend if he came to her house. Police found the unloaded firearm in a bedroom closet, but did not find any ammunition in a search of the residence.
 {¶ 4} Appellant was charged with aggravated menacing, carrying a weapon while intoxicated, and obstructing official business. After a bench trial she was found not guilty on the charge of obstructing official business and was convicted of the remaining two charges. Appellant was fined and sentenced to consecutive six-month jail terms. She appeals, raising three assignments of error:
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The conviction for having a weapon while intoxicated is against the manifest weight of the evidence and contrary to law."
 {¶ 7} When reviewing whether a conviction is supported by the manifest weight of the evidence, this court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the fact-finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. See State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52. However, the weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact to determine. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. An appellate court should vacate a conviction and grant a new trial only when the evidence weighs strongly against the conviction. State v. Martin (1983), 20 Ohio App.3d 172, 175.
 {¶ 8} Appellant was found guilty of violating Fairfield City Ordinance 549.03, which prohibits carrying or using a firearm while under the influence of alcohol. Fairfield City Ordinance 549.01(B)(1) defines "firearm," in part, as "an unloaded firearm and any firearm which is inoperable, but which can readily be rendered operable." Fairfield City Ordinance 549.01(B)(2) provides that "the representations and actions of the individual exercising control over the firearm" may be considered to determine whether the firearm is operable.
 {¶ 9} In this assignment of error, appellant contends that her conviction on this charge cannot stand because the state failed to prove that the shotgun she wielded was operable. The following evidence was presented on this issue:
 {¶ 10} Officer Singleton testified that appellant stood, raised the shotgun to her shoulder, and pointed the weapon at him. He testified that she later told him that she intended to shoot her boyfriend with the gun. Officer Singleton testified that upon inspection the gun was found to be unloaded and that no ammunition was found in the house. He also testified that the gun was never test fired by the Fairfield police, and he therefore had no knowledge of its actual operability. Fairfield Police Officer Bryan Rednour likewise testified that the gun was never test fired and that no ammunition was found in the house.
 {¶ 11} Appellant testified that she did not aim the gun at Officer Singleton. Rather, she testified that when she saw police arrive, she immediately ran into the house with the gun, hoping to hide it from police. She testified that the gun was not loaded. Appellant's mother testified that the gun had been rendered inoperable years earlier when it fell from a shelf and became bent. However, on cross-examination she also testified that she had never tried to shoot the gun and therefore did not know whether it was operable.
 {¶ 12} The trial court was in the best position to judge the credibility of these witnesses and to determine the weight to be given the testimony. State v. DeHass, 10 Ohio St.2d at paragraph one of the syllabus. Having reviewed the record, we cannot conclude that the trial court lost its way in the resolution of the conflicting testimony. Officer Singleton's testimony regarding appellant's statements and actions provides circumstantial evidence that the shotgun was operable, while, at best, the testimony of appellant's mother indicates that the shotgun may have been rendered inoperable years earlier. However, even appellant's mother testified that she did not know if the weapon was operable or not. Accordingly, the assignment of error is overruled.
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "The conviction for aggravated menacing was against the weight of the evidence and contrary to law."
 {¶ 15} Appellant was convicted of violating Fairfield City Ordinance 537.05(A), which states: "No person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person[.]"
 {¶ 16} In her second assignment of error, appellant alleges that the state failed to prove that she acted with the requisite "knowing" state of mind. Appellant contends in part that her voluntary intoxication prevented her from forming the culpable mental state required for commission of this offense.
 {¶ 17} In Ohio, prior to October 2000, evidence of voluntary intoxication was available as an affirmative defense in instances where a defendant was charged with a specific intent crime and could demonstrate that she was "so intoxicated as to be mentally unable to intend anything." State v. Otte, 74 Ohio St.3d 555, 564, 1996-Ohio-108. However, pursuant to R.C. 2901.21(C), as amended effective October 27, 2000, "voluntary intoxication may not be taken into consideration in determining the existence of a mental state that is an element of a criminal offense." Accordingly, the defense of voluntary intoxication is no longer applicable. Appellant's contention that her conviction is against the manifest weight of the evidence because she was unable to form the requisite intent due to her voluntary intoxication is therefore without merit. See State v. Stockhoff, Butler App. No. CA2001-07-179,2002-Ohio-1342.
 {¶ 18} The state presented evidence that appellant raised the shotgun and aimed it at Officer Singleton. Officer Singleton testified that he drew his service revolver, fearing that appellant intended to shoot. This evidence, which the trial court found to be credible, supports appellant's conviction for aggravated menacing. The threat need not be verbalized; rather, the threat can be implied by the offender's actions. Niles v. Holloway (Oct. 3, 1997), Trumbull App. No. 98-T-5533, citing State v. Hoaglin (Mar. 25, 1993), Van Wert App. No. 15-92-15. And finally, while appellant also argues that she would have been unable to carry out the threat because the gun was not loaded, neither the intent nor the ability to carry out the threat is an element of the offense.Dayton v. Dunnigan (1995), 103 Ohio App.3d 67. Accordingly, appellant's second assignment of error is overruled.
 {¶ 19} Assignment of Error No. 3:
 {¶ 20} "The court erred in sentencing the defendant to two consecutive six month terms and also imposing a fine."
 {¶ 21} In her final assignment of error, appellant alleges that the trial court erred by imposing a jail term and further failed to make the necessary findings to impose a fine.
 {¶ 22} Misdemeanor sentencing is governed by R.C. 2929.22. This section provides that in determining whether to impose imprisonment or a fine, or both, for a misdemeanor, the court shall consider: "the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment; any statement made by the victim * * *; and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender."
 {¶ 23} Where the sentence imposed by the trial court is well within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory criteria listed in R.C. 2929.22 and R.C. 2929.12 "in the absence of an affirmative showing that it failed to do so." State v. Gilbo (1994), 96 Ohio App.3d 332,340, quoting State v. Crouse (1987), 39 Ohio App.3d 18, 20. There is no requirement in either statute that the trial court state on the record that it has considered the statutory criteria or discuss them. State v.Polick (1995), 101 Ohio App.3d 428, 431.
 {¶ 24} We find nothing in the record which demonstrates that the trial court did not consider the criteria. In the absence of such demonstration, we presume the trial court considered the appropriate factors. See id.; State v. Adams (1988), 37 Ohio St.3d 295, paragraph three of the syllabus. Consequently, we find no error in the trial court's imposition of a term of incarceration.
 {¶ 25} With regard to the imposition of a fine, this court has held that R.C. 2929.22 places on the trial court "a mandatory duty to consider the factors set forth in the statute and the failure to do so amounts to an abuse of the court's discretion." State v. Stevens (1992),78 Ohio App.3d 847, 851. At the sentencing hearing, the trial court stated it had considered a presentence investigative report which contains information regarding appellant's health, education, and income. The trial court's statement thus indicates that it had considered the necessary statutory factors before deciding to impose a financial sanction. Accord State v. Lane, Butler App. No. CA2002-03-069,2003-Ohio-1246; State v. Dunaway, Butler App. No. CA2001-12-280,2003-Ohio-1062.
 {¶ 26} We thus conclude that the trial court did not err in sentencing appellant. Appellant's third assignment of error is overruled.
 {¶ 27} Judgment affirmed.