JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Cuyahoga Lorain Corporation ("Cuyahoga") appeals from the judgment of the City of Cleveland Municipal Housing Court finding it guilty of failing to comply with the City of Cleveland's building code. For the reasons set forth below, we affirm in part, reverse in part and remand for resentencing.
 {¶ 2} On April 6, 1999, the City of Cleveland Building Inspector Dwayne Ford inspected the property located at 10131 Elk Avenue. Shortly thereafter on April 14, 1999, Ford issued a condemnation notice for the property to then owners Solomon and Beatrice Chisholm, allowing them until May 14, 1999 to repair the code violations. The Chisholms did not comply with the order and the City of Cleveland issued misdemeanor charges against them. The Chisholms entered a plea of no contest and were ordered to pay a $1,000 fine. It is undisputed that in May of 2000, Cuyahoga acquired the property from the Chisholms. On October 26, 2001, the City of Cleveland issued a complaint against Cuyahoga for failure to comply with the order of the Commissioner of Building and Housing, a misdemeanor of the first degree, in violation of the Building Code sections 3103.25(e), 3103.09, 3101.10, 3115.18, 369.19 and 367.07. The trial court dismissed most of the charges and the matter proceeded to trial on the remaining counts, to wit: (i) Cuyahoga's failure to comply with the order of the Commissioner of Building and Housing pursuant to Cleveland Codified Ordinance ("CCO") Section 3103.25(e) with regard to the appurtenant structure/garage on the property and (ii) Cuyahoga's failure to maintain the main structure in compliance with CCO3101.10. A jury trial commenced on February 20, 2003. The trial court declared a mistrial on February 24, 2003, due to defense counsel's continuing unavailability. After a new trial commenced, Cuyahoga was found guilty of violating CCO 3101.10, but not guilty of violating CCO 3103.25(e). Cuyahoga was thereafter sentenced to pay a fine of $75,000 and costs. It is from this ruling that appellant now appeals, asserting five assignments of error for our review, which we address together where appropriate and out of order.
 {¶ 3} "V. The trial court erred in proceeding to conviction of the defendant-appellant on violations citing against him (in error) and during the pendency of the appeal process to both the board of building standards and the state board of building standards in violation of law, rule and the requirements of the Ohio building code section 112."
 {¶ 4} Appellant contends that the trial court was without jurisdiction "to prosecute" Cuyahoga based on the pendency of an appeal before the board of building standards, the hearing for which was on July 31, 2002. Specifically, appellant claims that "in spite of these pending appeals, the Trial Court proceeded to prosecution of the Defendant-Appellant based on a citation of October 21, 2001. This is in violation of law and rule * * *." (App. Brief P. 26).
 {¶ 5} It seems as though appellant is raising, albeit inartfully, the issue of the trial court's jurisdiction to hear its case in light of an alleged pending appeal before the board of building standards. We note that appellant has failed to comply with App.R. 16(A)(7) which requires that an appellant include in its brief citations to authorities and statutes upon which it relies. Appellant's mere mention that the trial court's actions are in "violation of law and rule" do not suffice under App.R. 16(A)(7). Appellant also fails to cite any facts supporting its conclusion that the trial court did not have jurisdiction, including dates of disposition of any appeal before the board of building standards. Appellant only mentions the date of a hearing, to wit July 31, 2002, and fails to mention the date of final disposition of that appeal.
 {¶ 6} An appellate court is empowered to disregard an assignment of error presented for review due to lack of briefing by the party presenting that assignment. State v. Watson
(1998), 126 Ohio App.3d 316, 710 N.E.2d 340, discretionary appeal disallowed in (1998), 82 Ohio St.3d 1413. However, we address this assignment of error. Even a cursory review of the record reveals that Cuyahoga's contention is without merit.
 {¶ 7} It is undisputed that the board of appeals disposed of appellant's appeal on August 23, 2002, well before appellant's March 7, 2003 trial commenced.[1] Therefore, the trial court was not without jurisdiction to hear the City of Cleveland's case against appellant. This assignment of error is overruled. "II. The trial court erred by finding the defendant guilty of charges in violation of the court and the City of Cleveland's Rules and/or codified ordinances."
 {¶ 8} "IV. The actions of the City of Cleveland charged the defendant with a requirement to perform multiple impossible acts including but not limited to requiring him to obtain a permit to do the repairs at issue and at the same time denying the issuance the permit required."
 {¶ 9} In its second assignment of error, Cuyahoga contends that the City of Cleveland failed to comply with the Ohio Basic Building Code ("OBBC"). Specifically, Cuyahoga avers that the notice it received from the City of Cleveland was defective on its face pursuant to OBBC Section 113.2, that the city should have allowed the structure to be restored to a safe condition pursuant to OBBC section 115.5, and that the City improperly held Cuyahoga to the standard for new structure construction and/or major repairs, rather than the standard for minor repairs pursuant to OBBC section 105.2.2.
 {¶ 10} In its fourth assignment of error, appellant avers that it was impossible to perform those acts which the City of Cleveland required in order to remove the condemnation order on its property.
 {¶ 11} Cuyahoga's second and fourth assignments of error fail to cite to any portions of the record in which the trial court allegedly erred. App.R. 16(A)(7). As stated supra, an appellate court is empowered to disregard an assignment of error presented for review due to lack of briefing by the party presenting that assignment. State v. Watson (1998), 126 Ohio App.3d 316,710 N.E.2d 340, discretionary appeal disallowed in (1998),82 Ohio St.3d 1413.
 {¶ 12} Furthermore, the issues raised in these assignments of error were not raised before the trial court and are being raised for the first time on appeal. It is axiomatic that a party cannot raise new issues for the first time on appeal. Mark v. MellottMfg. Co., Inc. (1995), 106 Ohio App.3d 571, citing Shover v.Cordis Corp. (1991), 61 Ohio St.3d 213, 220. Issues are to be raised at the trial court level or they will be considered to be waived upon appeal. Id. A reviewing court will not consider issues which the appellant failed to raise in the trial court.Cleveland v. Assn. of Fire Fighters, Local 93 (1991),73 Ohio App.3d 220, 596 N.E.2d 1086. We therefore decline to address these assignments of error. "III. The conviction of the defendant is against the manifest weight of the evidence."
 {¶ 13} In its third assignment of error, Cuyahoga maintains that the jury verdict was against the manifest weight of the evidence. In determining whether a verdict is against the manifest weight of the evidence the appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52, citingTibbs v. Florida (1982), 457 U.S. 31, 38, 42. Accord State v.Otten (1986), 33 Ohio App.3d 339, 340. An appellate court must use discretion and only reverse convictions in extraordinary cases where the evidence clearly weighs in favor of reversal.State v. Thompkins, supra.
 {¶ 14} CCO 3101.10 provides, in relevant part:
 {¶ 15} "(b) Maintenance of Foundations. All foundations of every structure shall be maintained structurally sound and in good repair."
 {¶ 16} Cuyahoga submits that the jury's verdict was against the manifest weight of the evidence because the City of Cleveland did not establish notice of the violation to the defendant, and the original notice was defective on its face. The condemnation notice which was originally sent to the previous owners was sent to Cuyahoga upon the city inspector's knowledge that Cuyahoga acquired the property. Cuyahoga avers that the city did not make clear that this notice applied to Cuyahoga and, as a result, failed to establish notice to appellant of the condemnation order. We disagree.
 {¶ 17} Whitmore testified that in June of 2000, just after taking ownership of the property, he appeared in court in reference to the pending misdemeanor charges against the previous owners. He testified that he agreed, as the new owner, to solve the code problems with the city. The inspector testified that condemnation notice became a matter of public record which Cuyahoga would have learned of in the process of purchasing the property from the Chisholms. He further testified that upon learning that Cuyahoga was the new owner, he sent a copy of the condemnation notice by certified mail to Cuyahoga. Lastly, the fact that Whitmore testified to having made the appropriate repairs to the property belies the assertion that Cuyahoga did not have notice of the condemnation order or of the specific repairs that needed to be made.
 {¶ 18} Inspector Ford testified that the repairs were not made to the property as required to remove the condemnation order. Specifically, he stated that the exterior walls were deteriorated, the foundation was not tuckpointed, and there was a four foot hole on the east side of the main structure. The inspector noted that the structural problems on an interior wall had not been corrected, a section of broken windows remained on the north side of the appurtenant structure. Ford further noted that electrical, HVAC and plumbing issues were not rectified. Ford testified that it issued several permits to complete repairs on Cuyahoga's property. Whitmore testified in Cuyahoga's defense and alleged that the city purposely made it difficult to obtain the correct permits to complete the repairs. He testified that he completed the necessary repairs prior to the charges being issued against him on October 24, 2001.
 {¶ 19} In this case, it was undisputed that Cuyahoga owned the property in question. Evidence presented demonstrated that Cuyahoga had actual notice of the order, and that the proper repairs were not made to the property. In reviewing the record and weight of the evidence before us and in resolving conflicts in the evidence, we cannot say that the jury clearly lost its way and created such a manifest miscarriage of justice. We therefore overrule this assignment of error.
 {¶ 20} "I. The trial court erred by sentencing the defendant to a fine of $75,000 while sentencing the prior owner to a fine of $1,000 for the same violation."
 {¶ 21} Last, we address Cuyahoga's assignment of error regarding the imposition of its $75,000.
 {¶ 22} R.C. 2929.22 governs the imposition of sentence for misdemeanors and provides:
 {¶ 23} "(A) In determining whether to impose imprisonment or a fine, or both, for a misdemeanor, and in determining the term of imprisonment and the amount and method of payment of a fine for a misdemeanor, the court shall consider the risk that the offender will commit another offense and the need for protecting the public from the risk; the nature and circumstances of the offense; the history, character, and condition of the offender and the offender's need for correctional or rehabilitative treatment * * * and the ability and resources of the offender and the nature of the burden that payment of a fine will impose on the offender. * * *
 {¶ 24} "(F) The court shall not impose a fine or fines that, in the aggregate and to the extent not suspended by the court, exceed the amount that the offender is or will be able to pay by the method and within the time allowed without undue hardship to the offender or the offender's dependents, or will prevent the offender from making restitution or reparation to the victim or the offender's offense."
 {¶ 25} R.C. 2929.22 places on the trial court "a mandatory duty to consider the factors set forth in the statute and the failure to do so amounts to an abuse of the court's discretion."State v. Terzo, Butler App. No. CA2002-08-194, 2003-Ohio-5983, citing State v. Stevens (1992), 78 Ohio App.3d 847. An abuse of discretion implies that the trial court's judgment was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 26} In this case, it is clear that the trial court failed to consider any factors as set forth in R.C. 2929.22. In fact, after imposing a fine of $75,000, the trial court asked:
 {¶ 27} "The Court: What is the physical ability of the corporation?
 {¶ 28} "[Defense Counsel]: It's assets is (sic) nearly zero."
 {¶ 29} Thereafter, the court afforded Cuyahoga just over a month to pay the fine.
 {¶ 30} We find that, under the circumstances of this case, the failure to consider Cuyahoga's ability to pay constituted an abuse of discretion. We therefore sustain this assignment of error.
 {¶ 31} Judgment affirmed in part, reversed in part and remanded for resentencing.
Blackmon, P.J., and Timothy E. McMonagle, J., concur.
It is ordered that appellee and appellant split the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Both appellant and the City of Cleveland included as an exhibit a copy of a signed journal entry from the July 31, 2002 hearing, which disposed of the board appeal on August 23, 2002.