JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1.
 {¶ 2} Defendant-appellant, Destiny Ventures, LLC ("Destiny"), appeals the judgment of the Cleveland Municipal Housing Court finding it guilty of failing to comply with the City of Cleveland's housing and building code. Finding no merit to the appeal, we affirm.
 {¶ 3} Destiny, a limited liability company based in Tulsa, Oklahoma, is a company that specializes in buying foreclosed properties and reselling them "as is." In June 2007, a Cleveland housing inspector inspected property owned by Destiny on East 117th Street for alleged building and housing code violations. The inspector found numerous code violations and sent notice to Destiny to repair the violations. In August, the inspector reinspected the property and found that none of the violations had been corrected. The plaintiff-appellee, City of Cleveland ("City"), subsequently filed a summons and complaint in the municipal housing court. The complaint alleged that Destiny had failed to comply with an order to correct code violations on its property. The case was set for arraignment in December 2007. No one appeared on Destiny's behalf at the arraignment and the court issued a capias.[1] The court set the case for trial and sent a notice to Destiny indicating that if a proper *Page 3 
representative failed to appear on the scheduled trial date, trial would be held in the company's absence.
 {¶ 4} Trial was set for January 14, 2008. On that day, an employee of Destiny appeared, stating that the corporation was attempting to obtain counsel. The court, after determining that the employee was neither an officer of Destiny nor an attorney, permitted the case to proceed to trial. The clerk of courts entered a plea of not guilty on behalf of the corporation.
 {¶ 5} The inspector testified on behalf of the City that she had inspected the East 117th Street property and observed several code violations. She stated that she researched property records and determined that Destiny owned the house. The City entered the deed into evidence, which listed Destiny as the owner of the property. The inspector further testified that none of the violations had been corrected when she reinspected the property in August 2007 as well as on the morning of trial. The court convicted Destiny and ordered a fine of $140,000.
 {¶ 6} On January 23, 2008, Destiny, through counsel, filed a motion for relief from judgment pursuant to Civ. R. 60(B), arguing that it no longer owned the subject property. Destiny also argued that it believed that another attorney would appear on its behalf at the trial and did not discover that the attorney had a conflict of interest and could not represent Destiny until a few days before trial.
 {¶ 7} The court denied Destiny's motion, finding that a Civ. R. 60(B) motion did not apply to a criminal proceeding. The court, in its lengthy opinion, stated that it *Page 4 
decided to treat Destiny's motion as an argument for a more lenient sentence and found no reason to change the fine levied against Destiny.
 {¶ 8} Destiny appeals, raising three assignments of error for our review.
 {¶ 9} In the first assignment of error, Destiny argues that the trial court erred and abused its discretion by denying its motion for relief from judgment and by converting the motion into a motion to reduce sentence.
 {¶ 10} First, Destiny argues that the trial court should have considered its motion for relief from judgment. A motion for relief from judgment pursuant to Civ. R. 60(B), however, is a civil motion. The trial court correctly found that it is not applicable to a criminal trial. Crim. R. 57(B), however, allows a trial court in a criminal case to look to the Rules of Civil Procedure for guidance when no applicable Rule of Criminal Procedure exists. State v. Schlee, 117 Ohio St.3d 153,2008-Ohio-545, 882 N.E.2d 431. That being said, we must consider whether Destiny properly resorted to Civ. R. 60(B) in this case. In other words, we must determine whether the absence of an applicable criminal rule justified invoking a civil rule in its place. Id. at 156. The City contends, and we agree, that Crim. R. 33, which sets forth the procedure by which a criminal defendant can move for a new trial, was available to Destiny and serves the same purpose as the Civ. R. 60(B) motion which the corporation filed. Thus, in this case, it is not necessary to look to a civil rule or other applicable law for guidance in the manner which Crim. R. 57(B) intends, because a procedure "specifically prescribed by rule" exists, i.e., a Crim. R. 33 motion for a new trial. *Page 5 
 {¶ 11} Second, Destiny claims that the trial court's decision to convert its motion into a "motion to reduce sentence" denied the corporation an opportunity to be heard and to obtain legal counsel to represent its interests at trial. Destiny makes the presumptuous argument that the trial court erred because it did not convert its motion into a motion for a new trial. We disagree. Destiny's motion for relief from judgment is a nullity in this matter. The trial court could have summarily dismissed the motion. Even though it is within the lower court's discretion to "recast irregular motions into whatever category necessary to identify the criteria by which the motion should be judged," as the supreme court stated in Schlee, the court also retains jurisdiction not to recast the motion. And in this case, the court converted Destiny's motion. We do not agree with Destiny, however, that a trial court errs if it chooses to convert an irregular motion into a motion different from what the party now believes will best suit the case. We find this especially true when Destiny could have filed a Crim. R. 33 motion.
 {¶ 12} Thus, we cannot find that the trial court erred because it "failed" to take the corporation's irregular motion and convert it into a motion which would benefit the corporation. It is not incumbent on the trial court to convert an improperly captioned motion into one that will provide relief for a party nor is it the court's duty to make a party's arguments for them.
 {¶ 13} Therefore, the first assignment of error is overruled. *Page 6 
 {¶ 14} In the second assignment of error, Destiny argues that the trial court erred in proceeding to trial in absentia when the court was told that the corporation was attempting to obtain counsel. Destiny claims that because the trial court went forward with trial without its counsel present, the company was denied its right of confrontation. The record contains no filing by Destiny raising any defenses or seeking a continuance prior to the trial date.
 {¶ 15} R.C. 2941.47 prescribes the rules for summons on indictments for corporations. The statute provides, in part, that a "corporation shall appear by one of its officers or by counsel on or before the return day of the summons served and answer to the indictment or information by motion, demurrer, or plea, and upon failure to make such appearance and answer, the clerk of the court of common pleas shall enter a plea of `not guilty.' Upon such appearance being made or plea entered, the corporation is before the court until the case is finally disposed of."
 {¶ 16} In this case, the trial court issued an order that stated that if a representative of Destiny failed to appear on the day of trial, the clerk of courts would enter a not guilty plea on behalf of the defendant and the case would immediately proceed to trial.
 {¶ 17} We do not agree with Destiny that the trial court's proceedings violated its right to confrontation. R.C. 2941.47 specifically states that once an appearance is made or a plea is entered, the corporation is before the court until the case is disposed of. The trial court issued an order informing Destiny that if a representative *Page 7 
of the company failed to appear, the matter would proceed immediately to trial. Even though Destiny had notice of the hearing, no officer or attorney from Destiny appeared nor did any attorney file a notice of appearance in the case. Moreover, the company never filed a motion for continuance nor otherwise informed the court, prior to the trial date, that it was attempting to obtain counsel.
 {¶ 18} Therefore, we find no error in the court's decision to proceed to trial without a representative of Destiny present. The second assignment of error is overruled.
 {¶ 19} In the third assignment of error, Destiny argues that the trial court erred in imposing a fine upon the company without first considering the factors set forth in R.C. 2929.22.
 {¶ 20} Failure to consider the sentencing criteria set forth in R.C. 2929.22 constitutes an abuse of discretion. Richmond Heights v. Uy (Oct. 19, 2000), Cuyahoga App. No. 77117, citing Strongsville v. Cheriki
(March 4, 1999), Cuyahoga App. No. 73800. However, "when determining a misdemeanor sentence, R.C. 2929.22 does not mandate that the record reveal the trial court's consideration of the statutory sentencing factors. Rather, appellate courts will presume that the trial court considered the factors set forth in R.C. 2929.22 when the sentence is within the statutory limits, absent an affirmative showing to the contrary." State v. Nelson, 172 Ohio App.3d 419, 2007-Ohio-3459,875 N.E.2d 137, citing State v. Kelly, Greene App. No. 2004CA122,2005-Ohio-3058; see, also, Uy. *Page 8 
 {¶ 21} Cleveland Codified Ordinance 3103.99(a) and (c) allow the court to sentence a corporation to a fine of up to $5,000 each day that a property is not in compliance. The court in this case computed the time not in compliance to be fifty-six days. Then the court elected to impose only one-half of the maximum fine, or $140,000. Thus, the sentence imposed in this case is within the statutory limits for a first degree misdemeanor. See R.C. 2929.24(A)(1).
 {¶ 22} To support its argument that the court did not follow the mandate of R.C. 2929.22, Destiny cites our decision in Cleveland v.Cuyahoga Lorain Corp., Cuyahoga App. No. 82823, 2004-Ohio-2563. That case is easily distinguishable. In that case, the trial court asked the corporation about its ability to pay. Despite being told that there were few assets, the court ordered a fine of $75,000 due in one month's time. We found an abuse of discretion based on the circumstances of that case. Id. Because there was clear factual evidence that the corporation would have difficulty paying the fine, we found that the failure to take into consideration the corporation's ability to pay was an abuse of discretion.
 {¶ 23} There is no evidence in the instant case, however, that the trial court failed to consider the appropriate factors. Moreover, Destiny has failed to bring forth any evidence to rebut the presumption that the trial court considered all the factors in R.C. 2929.22.
 {¶ 24} Therefore, the third assignment of error is overruled.
 {¶ 25} Accordingly, judgment is affirmed. *Page 9 
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, J., CONCURS;
ANTHONY O. CALABRESE, JR., J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION.
[1] Destiny does not deny receiving the notice of code violation, the summons and complaint, nor the notice of arraignment date.