[Cite as *State v. Jackson*, 2016-Ohio-4567.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 103590**

---

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JERMAINE D. JACKSON**

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-597292-A

**BEFORE:** Jones, A.J., McCormack, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** June 23, 2016

**ATTORNEY FOR APPELLANT**

Mary Elaine Hall
245 Leader Building
526 Superior Avenue East
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Gregory Paul
       Ashley B. Kilbane
Assistant County Prosecutors
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., A.J.:

{¶1} Defendant-appellant Jermaine Jackson ("Jackson") appeals his conviction for having a weapon while under disability, which was rendered after a bench trial. For the reasons that follow, we affirm.

{¶2} At trial, Jackson's girlfriend, Kamelya Walker ("Walker"), testified that in April 2015, Jackson moved in with her in her apartment in Brookpark, Ohio. However, by June 2015, Walker wanted Jackson out of her apartment and contacted the Brookpark police to help her get him out. Walker told the police that Jackson was "always armed" with a black pistol, which he carried even while in the apartment. Sometimes he would have Walker carry the gun in her purse when the two were out together.

{¶3} The police determined that Jackson had an active warrant and engaged the services of the Southwest Enforcement Bureau SWAT team to arrest Jackson. Jackson was arrested in Walker's apartment, and after the arrest, law enforcement officials found a bag containing Jackson's belongings; an unloaded gun was found inside the bag. Jackson admitted that the gun was in a bag with his belongings. He told the police that he found the gun at a bus stop in Maple Heights, Ohio; that he did not have a magazine for it; and that he had one bullet for it, but did not know where the bullet was.

{¶4} The gun, a Lorcin Model L38 .380 caliber, was given to Captain Thomas Dickel of the Brookpark Police Department to determine operability. Captain Dickel performed a basic function check and determined that the gun functioned as it should. The captain also performed a "pencil test," which involved placing a pencil into the end of the barrel and pulling the trigger. The purpose of the test was to determine whether the firing pin on the gun would be able to impact the primer with enough force to make it fire.

{¶5} After his examination and testing of the gun, Captain Dickel concluded that it was "capable of expelling or propelling projectiles by action of an explosion or combustible propellant." Another law enforcement official, Detective Todd Marazzi, also tested the gun. Detective Marazzi testified that, although the gun was "pretty well beat up," it could fire a single bullet or a loaded magazine.

{¶6} Jackson testified that he found the gun in a pile of debris near a bus stop. He entertained taking it to a scrap yard, but did not because he believed he could make more money if he sold it on his own, which he unsuccesfully attempted to do. Jackson ultimately admitted that he had carried the gun.

{¶7} On this evidence, the trial court found Jackson guilty of having a weapon while under disability. The court sentenced him to a 12-month-prison term. Jackson now raises the following two assignments of error for our review:

> I. The trial court below, as trier of fact, wrongfully found the defendant-appellant, Jermaine D. Jackson[,] guilty of having a weapon [while] under disability with a forfeiture specification when it denied the defense counsel's Rule 29 motion for acquittal.
>
> II. The trial court committed plain error of law when it failed to grant the defendant-appellant, Jermaine D. Jackson's[,] Rule 29 motion to dismiss count three/having a weapon [while] under disability with a forfeiture specification.

{¶8} Both assignments of error challenge the court's decision to deny Jackson's Crim.R. 29 motion for judgment of acquittal, which he made at the close of the state's case, and we consider the assignments together.

{¶9} Crim.R. 29(A) provides for an entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction. When reviewing the denial of a Crim.R. 29(A) motion, an appellate court must evaluate whether the evidence is such that reasonable minds can reach

different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt. *State v. Bridgeman*, 55 Ohio St.2d 261, 381 N.E.2d 184 (1978), syllabus. An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard that is used to review a sufficiency of the evidence claim. *State v. Carter*, 72 Ohio St.3d 545, 553, 651 N.E.2d 965 (1995).

{¶10} "Sufficiency of the evidence" presents a question of law as to whether the evidence is legally adequate to support a jury verdict as to all elements of the crime. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In evaluating a sufficiency of the evidence claim, the "relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶11} Jackson was convicted of having a weapon while under disability pursuant to R.C. 2923.13(A)(2), which provides in pertinent part as follows:

> (A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
>
> * * *
>
> (2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.[1]

{¶12} A firearm is defined as "any deadly weapon capable of expelling or propelling one

---

[1] Jackson has a 2008 domestic violence conviction. *State v. Jackson*, Cuyahoga County C.P. No. CR-08-506755.

or more projectiles by the action of an explosive or combustible propellant. *'Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable."* (Emphasis added.) R.C. 2923.11(B)(1). Further, when determining whether a firearm is operable "the trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm." R.C. 2923.11(B)(2). *See also State v. Knight*, 2d Dist. Greene No. 2003 CA 14, 2004-Ohio-1941, ¶ 19 ("both a weapon's existence and its operability may be inferred from the facts and circumstances").

{¶13} According to Jackson, the state "never established that the Lorcin pistol * * * was operable at the time of the offense or that it was operable beyond a reasonable doubt when it was test fired by the State's forensic experts." We disagree. Both Captain Dickel and Detective Marazzi specifically testified that, after their examinations and tests of the gun, they concluded that it was operable.

{¶14} Jackson's reliance on *In re J.T.*, 143 Ohio St.3d 516, 2015-Ohio-3654, 39 N.E.3d 1240, is misplaced. In *In re J.T.*, the juvenile was carrying a broken pistol in his waistband that was *no longer capable of firing a round*. He was charged with carrying a concealed weapon and was found delinquent. On appeal to the Ohio Supreme Court, the court held that "[w]hen a person has an inoperable handgun tucked into his or her waistband and does not use it as a bludgeoning implement, it is not a deadly weapon." *Id.* In *In re J.T.*, the weapon was not capable of being rendered operable. But here, as discussed, Jackson's gun, although unloaded when found by the police, was capable of readily being rendered operable and, therefore, qualified as a firearm.

{¶15} We are also not persuaded by Jackson's contention that the gun was nothing more

than a "heavy metal piece of junk." His own testimony did not support that contention. Specifically, Jackson testified that he did not take it to a scrap metal yard to have it melted down because he believed he could make more money selling it "on the street" as a weapon. Implicit in his testimony is his acknowledgment that he knew the gun could operate as a deadly weapon and, therefore, had more value than just a "piece of junk." *See* R.C. 2923.11(B)(2) (when determining whether a firearm is operable the "trier of fact may rely upon circumstantial evidence, including, but not limited to, the representations and actions of the individual exercising control over the firearm").

{¶16} On this record, the trial court properly denied the defense's Crim.R. 29 motion, and the two assignments of error are overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., ADMINISTRATIVE JUDGE

TIM McCORMACK, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR