[Cite as *State v. Taylor*, 2019-Ohio-1275.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.   18CA011330 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JASON TAYLOR | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.   16CR095142 |

DECISION AND JOURNAL ENTRY

Dated: April 8, 2019

CALLAHAN, Presiding Judge.

**{¶1}** Appellant, Jason Taylor, appeals his convictions for two firearm specifications. This Court affirms.

I.

**{¶2}** A Lorain police officer initiated a traffic stop of Mr. Taylor's Ford Expedition after he observed erratic driving. When the officer approached, he noticed that Mr. Taylor seemed nervous and that during their conversation, his right hand repeatedly reached out of sight between his right leg and the center console. The officer asked Mr. Taylor to step from the vehicle and then observed a handgun positioned between the driver's seat and the console. Although the gun was in a holster, the holster had been modified so that the gun could be drawn "without any hindrance." The officer's K9 partner alerted to narcotics in the vehicle and, upon further investigation, the officer found marijuana, numerous plastic bags containing brown powder residue, a significant amount of cash, and a digital scale.

{¶3} Mr. Taylor pleaded guilty to carrying a concealed weapon in violation of R.C. 2923.12(A)(2), improperly handling a firearm in a vehicle in violation of R.C. 2923.16(B), trafficking in drugs in violation of R.C. 2925.03(A)(2), possession of criminal tools in violation of R.C. 2923.24(A), possession of drugs in violation of R.C. 2925.11(A), and possession of drug paraphernalia in violation of R.C. 2925.14(C)(1). Mr. Taylor pleaded not guilty to four firearm specifications: two pursuant to R.C. 2941.141 and two pursuant to R.C. 2941.145. After a bench trial on the specifications, the trial court found Mr. Taylor not guilty of the specifications under R.C. 2941.145, but guilty of the specifications under R.C. 2941.141. The trial court sentenced him to one year in prison, and Mr. Taylor filed this appeal.

II.

## ASSIGNMENT OF ERROR

THERE WAS INSUFFICIENT EVIDENCE TO CONVICT MR. TAYLOR FOR THE FIREARM SPECIFICATIONS ATTACHED TO COUNT THREE AND COUNT FIVE OF HIS INDICTMENT.

{¶4} Mr. Taylor's only assignment of error argues that because the firearm found in his vehicle was unloaded and the magazine was in a separate compartment of the vehicle, the State did not demonstrate that it was operable or could readily be rendered operable. This Court disagrees.

{¶5} "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction. *Thompkins* at 390 (Cook, J., concurring). In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State. *State v.*

*Jenks*, 61 Ohio St.3d 259, 273 (1991). The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt. *Id.*

{¶6} Under R.C. 2941.141(A), a one-year prison term must be imposed as a penalty for a firearm specification if the offender "had a firearm on or about the offender's person or under the offender's control while committing the offense." The term "firearm" is defined as "any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant," and the term "includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." R.C. 2923.11(B)(1). *See also* R.C. 2941.141(F) (explaining that the term "firearm" is defined by R.C. 2923.11).

{¶7} When a defendant is charged with a firearm specification—whether the firearm was loaded or unloaded—the State must prove beyond a reasonable doubt that the firearm at issue "'was operable or could readily have been rendered operable at the time of the offense.'" *State v. Blue*, 9th Dist. Lorain No. 10CA009765, 2011-Ohio-511, ¶ 23, quoting *State v. Murphy*, 49 Ohio St.3d 206, 208 (1990), quoting *State v. Gaines*, 46 Ohio St.3d 65 (1989), syllabus. This requirement "is meant to distinguish irretrievably broken guns from guns that are either fully functioning or temporarily non-functioning." *State v. Stubblefield*, 8th Dist. Cuyahoga No. 90687, 2008-Ohio-5348, ¶ 9.

{¶8} In this case, the State presented testimony from an officer whose responsibilities included testing firearms. The officer testified that the weapon at issue fired when loaded with the ammunition that had been seized from Mr. Taylor's vehicle. The officer also testified that the gun was operable, although on cross-examination, he expressed some confusion regarding the definition of "operable" as a term of art. In that respect, the plain language of R.C.

2923.11(B)(1) clarifies that both an "unloaded firearm" and a firearm "that is inoperable but * * * can readily be rendered operable" fall within the definition of a "firearm." The fact that a firearm is not loaded does not mean it is inoperable. *See State v. Jackson*, 8th Dist. Cuyahoga No. 103590, 2016-Ohio-4567, ¶ 14; *State v. Rodgers*, 11th Dist. Lake No. 2007-L-097, 2008-Ohio-2006, ¶ 39, citing *State v. Terzo*, 12th Dist. Butler No. CA2002-08-194, 2003-Ohio-5983, ¶ 10-12 and *State v. Gainer*, 8th Dist. Cuyahoga No. 81366, 2004-Ohio-2393, ¶ 17.

{¶9} The officer's testimony that he loaded and fired the firearm was sufficient to allow a reasonable trier of fact to conclude that Mr. Taylor's firearm was operable beyond a reasonable doubt. His assignment of error is, therefore, overruled.

III.

{¶10} Mr. Taylor's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

MICHAEL J. DUFF, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.